UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RITA NZINGOULA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAINE DEPARTMENT OF HEALTH )<br>AND HUMAN SERVICES and U. S. )<br>DEPARTMENT OF HOMELAND )<br>SECURITY, )<br>)<br>Defendants ) | No. 2:15-cv-108-GZS |

### ORDER ON PLAINTIFF'S MOTIONS FOR A HEARING, APPOINTMENT OF COUNSEL, AND A FRENCH INTERPRETER

On September 1, 2015, the *pro se* plaintiff filed an opposition to the motion to dismiss filed by the federal defendant (ECF No. 22), in which she also moved for a hearing, presumably on the motion, appointment of counsel, and for a French interpreter. Plaintiff's Motion Contesting AUSA's Motion to Dismiss (ECF No. 26) at [4]. In reply, the federal defendant withdrew its motion to dismiss (ECF No. 28), rendering moot the plaintiff's request for a hearing.[1] Because the plaintiff's requests for appointment of counsel and for the presence of a French interpreter were not necessarily limited to the federal defendant's motion to dismiss, and are likely to recur in any event, I will act on them at this time. For the reasons that follow, the requests are denied.

### I. Motion for Appointment of Counsel

"There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The plaintiff has been granted *in forma pauperis* status

---

[1] If the plaintiff meant to request hearings on any subsequently-filed motions, the request is premature.

(ECF No. 11), and the governing federal statute provides that the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The appointment of counsel under the statute is discretionary in civil cases, but generally is limited to "exceptional circumstances." *DesRosiers*, 949 F.2d at 23. "[A] court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent [her]self." *Id*. at 24. For example, the presence of "readily mastered facts and straightforward law" would suggest that a request for counsel "should be denied in a civil case." *Id*. Denial of an indigent plaintiff's request for counsel is error only if the denial "was likely to result in fundamental unfairness impinging on [her] due process rights." *Id*. at 23.

Following a review of the plaintiff's complaint (ECF No. 1) and the numerous other documents that she has filed on the court's electronic docket (ECF Nos. 3, 5, 7, 8, 10, 15, 26), I conclude that the law and facts relevant to the plaintiff's case are sufficiently straightforward that the plaintiff should be able to represent herself, and that her case does not present "exceptional circumstances" that would warrant the appointment of counsel. *See, e.g., Penn v. U. S. Dep't of Justice*, No. CIV S-10-2494 GEB EFB PS, 2012 WL 761741, at *8 (E.D. Cal. Mar. 7, 2012) (*pro se* plaintiff not entitled to appointed counsel in connection with FOIA request); *Rankin v. FBI,* Civ. A. No. 92-662, 1992 WL 25853, at *1 (E.D Pa. Feb. 7, 1992) (same). The motion for appointment of counsel is **DENIED**.[2]

## II.   Motion for Interpreter

With respect to the plaintiff's request for an interpreter, federal law governing interpreters in federal courts states that interpreters will be provided by the court in civil cases involving the United States upon request and demonstration of need only in judicial proceedings instituted by

---

[2] I note that in her opposition, the plaintiff refers to being represented by counsel, ECF No. 26 at [2], presumably in connection with parallel state court proceedings involving the Maine Department of Health and Human Services.

the United States. 28 U.S.C. § 1827(d)(1). This action was initiated by the plaintiff, not by the United States. In addition, the documents filed by the plaintiff do not demonstrate any difficulty on the part of the plaintiff with the English language or any difficulty with comprehension of the proceedings. Accordingly, the request for an interpreter is **DENIED**.

### III. Defendants' Dispositive Motions

The state defendant has filed a motion to dismiss (ECF No. 33), to which the time for filing an opposition has expired.

Giving the plaintiff the benefit of the doubt, she may have assumed that she could wait to respond to the state's motion to dismiss until her motion for appointment of counsel had been resolved. Therefore, I extend the plaintiff's deadline for filing her opposition to the state's motion to dismiss to November 5, 2015, 14 days after the date of this order. Failure to file an opposition to the motion on that date will result in a waiver of any opposition by the plaintiff. *See* Local Rule 7(b).

The federal defendant has filed a notice of its intent to file a motion for summary judgment under this court's Local Rule 56(h). ECF No. 29. The clerk of courts is directed to issue the court's standard procedural order scheduling a Local Rule 56(h) conference.

### IV. Conclusion

For the foregoing reasons, the plaintiff's motion for a hearing is moot, and her motions for appointment of counsel and an interpreter are denied.

   **SO ORDERED**.

Dated this 22nd day of October, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge