UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RITA NZINGOULA,                )<br>                                               )<br>         Plaintiff             )<br>                                               )<br>v.                                          )    No. 2:15-cv-108-GZS<br>                                               )<br>MAINE DEPARTMENT OF HEALTH )<br>AND HUMAN SERVICES, et al., )<br>                                               )<br>         Defendants           ) | |

## RECOMMENDED DECISION ON MOTION TO DISMISS

Defendant Maine Department of Health and Human Services ("DHHS" or "Department") moves to dismiss the claim asserted against it in this *pro se* action seeking records under Maine's Freedom of Access laws.   Because this court lacks jurisdiction over the plaintiff's state law claim, I recommend that the court grant the motion.

### I.  Applicable Legal Standard

The Department's motion invokes Federal Rule of Civil Procedure 12(b)(1). Maine Department of Health and Human Services' Motion to Dismiss ("Motion") ECF No. 33) at 1. When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996).  The moving party may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject matter jurisdiction through extrapleading material. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 159–60 (3d ed. 2004); *see also Aversa*, 99 F.3d at 1210; *Hawes v. Club Ecuestre el Comandante*, 598 F.2d

698, 699 (1st Cir. 1979) (question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

## II. Factual Background

The plaintiff styles her complaint as a "Request for Court Order to Produce All Personal Records."[1]  ECF No. 1.  The only specific allegations against the Department in the complaint are the following:

> Petitioner has made a State of Maine Freedom of Access request for all records from the Maine Department of Health and Human Services, Adult Protection Services, in Portland, Maine, Paul Coleman, Supervisor.  The request was denied and they indicated that a Court order was necessary.

*Id.* at 1.

The plaintiff did not respond to the motion to dismiss in the time allowed. After the expiration of that original deadline, I extended the deadline *sua sponte* for an additional 21 days to November 5, 2015, specifically noting that "[f]ailure to file an opposition to the motion on that date will result in a waiver of any opposition by the plaintiff.  *See* Local Rule 7(b)."  ECF No. 34 at 3.

No opposition was filed by November 5.  More than one month later, on December 7, 2015, the plaintiff filed a document styled "1.) Plaintiff's Opposition to Motion to Dismiss[;] 2.) Plaintiff's Bad Faith Claim[;] 3.) Plaintiff's Civil Claim for Lying to the Plaintiff and the Court." ECF No. 49.  The plaintiff did not seek leave to file this untimely document or an extension of the deadline.  Accordingly, this filing is **STRICKEN**.

---

[1] The First Circuit has instructed that, in reviewing a complaint for sufficiency pursuant to Rule 12(b)(6), a court "should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action."  *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citation and internal punctuation omitted).  "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible."  *Id*.  "If that factual content, so taken, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility." *Id*. (citation and internal quotation marks omitted).

2

Two weeks later, on December 21, 2015, the plaintiff filed a document styled "Motion Contesting Defendant's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction." ECF No. 53. For the same reason, that document is also **STRICKEN**.

On the same day, the plaintiff also filed a document titled "Motion Compelling Defendants [sic] for the Production of Any and All Adult Protection Records Purposely Withheld by the Defendant's [sic]." ECF No. 52. Because that filing seeks the same relief as the plaintiff's complaint, if the court grants the Department's instant motion to dismiss, the plaintiff's motion should be denied.

Finally, on the same December 21 date, the plaintiff sought oral argument. ECF No. 54. That request is **DENIED** because the Department's motion raises only a legal issue. Local Rule 7(f).

The foregoing notwithstanding, because the plaintiff appears *pro se* in this action, I will address the merits of the Department's motion herein. *See generally Szillery v. Career Sys. Dev. Corp.*, No. CV-08-62-B-W, 2008 WL 2789492, at *1-*3 (D. Me. July 17, 2008).

### III. Discussion

The Department contends that any court action related to a request for public record pursuant to Maine's Freedom of Access statutes may only be made to a state Superior Court, and not to this federal court. Motion at 1. The Department is correct.

The Maine Freedom of Access law provides that a person has the right to inspect and copy any public record. 1 M.R.S.A. § 408-A. If a person's request to do so is denied, that person may appeal within 30 days to any Maine Superior Court. 1 M.R.S.A. § 409(1). Jurisdiction over these appeals is thus exclusive in the Maine Superior Court. *See, e.g., State v. Adams*, No. Civ.A. AP-

00-53, 2000 WL 33675689, at *1 (Me. Super. Nov. 27, 2000) (statutory language "is enforceable by an action in Superior Court" creates exclusive jurisdiction in Superior Court).

A claim under the Maine Freedom of Access statutes must be brought in the Maine Superior Court; it is purely a matter of state law.  *Collins v. Kennebec County Jail*, No. 1:12-cv-00069-GZS, 2012 WL 4326191, at *7 (D. Me. May 31, 2012).  In addition, the plaintiff has asserted no federal claim against the Department, which might have provided a basis for the exercise of this court's pendent jurisdiction over the state-law claim.  *See, e.g., Scott v. Central Maine Power Co.*, 709 F.Supp. 1176, 1194 (D. Me. 1989).

This conclusion makes it unnecessary to reach the Department's alternative argument under Federal Rule of Civil Procedure 12(b)(6).  Motion at 5-6.

### IV.  Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the motion, ECF No. 33, and **DENY** the plaintiff's motion, ECF No. 52.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of December, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge